# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

NICKARLOS ANTWAN BANKS
ADC #106872                                                      PETITIONER


VS.                              5:14CV00048 BSM/JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                                RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Nickarlos Antwan Banks. *Doc. 1*. Before addressing Banks's habeas claims, the Court will review the procedural history of the case in state court.

On August 13, 2012, a Pulaski County jury convicted Banks of aggravated robbery and theft of property (Case No. CR 11-4458). *Doc. 15-20 at 10, 51*. He was sentenced as a habitual offender to an aggregate of twenty-six years in the Arkansas Department of Correction. *Id.* Thereafter, Banks filed a timely notice of appeal of his conviction.

On October 2, 2012, Banks entered a guilty plea in another Pulaski County case (Case No. CR 11-4092), to four counts of aggravated robbery and four counts of theft of property.[1] *Doc. 15-20 at 15*. He was sentenced as a habitual offender to forty years on each count, to run concurrently. His aggregate forty-year sentence in Case No. 11-4092 was run consecutive to the twenty-six year sentence in Case No. 11-4458. As part of the negotiated plea agreement, Banks agreed to dismiss his pending appeal in Case No. 11-4458.

On October 18, 2012, Banks filed a *pro se* Motion to Vacate Judgment and Plea in Case No. 11-4092. He argued that he should be allowed to withdraw his

---

[1] Pulaski County Circuit Judge Chris Piazza presided over both Case Nos. 11-4458 and 11-4092. Banks was represented by the same lawyer in both cases.

plea because he was "mislead" by his lawyer and the prosecuting attorney. *Doc. 15-4 at 1-2*.

On October 24, 2012, Judge Piazza entered an Order denying Banks's Motion to Vacate. Among other things, he noted that, during the October 2, 2012 plea hearing, Banks stated that he understood his rights, and "agreed to the charges as read by the prosecuting attorney were a fair and accurate depiction of the crimes to which he pleaded guilty." *Doc. 15-5 at 1*. Banks did not appeal Judge Piazza's October 24, 2012 Order denying his Motion to Vacate.[2]

Banks subsequently filed numerous other post-conviction motions in Case No. 11-4092, all of which were denied by Judge Piazza. *See doc. 15-6 through doc. 15-21*. Banks attempted to appeal the denial of a September 29, 2014 Motion to Vacate Guilty Plea. *Docs 15-15 and 15-16*. On October 8, 2015, the Arkansas Supreme Court dismissed Banks's appeal for lack of jurisdiction, holding that Banks's September 29, 2014 Motion to Vacate was in substance an untimely and successive Rule 37 Petition. *Banks v. State*, 2015 Ark. 368, 2015 WL 5895392 (2015) (*per curiam*).

On February 11, 2014, Banks initiated this federal habeas action. *Doc. 1*. However, he neither paid the filing fee nor filed a Motion to Proceed *In Forma Pauperis*. After Banks failed to respond to a show cause order, Chief United States

---

[2] Banks claims that the Pulaski County Circuit Clerk did not mail him a copy of the October 24, 2012 Order, and that he did not receive notice of the Order until several months later, after filing a "Motion to Compel Ruling."

District Judge Brian S. Miller entered an Order, on October 15, 2014, dismissing the case, without prejudice, based on Banks's failure to prosecute under Local Rule 5.5. *Doc. 3*.

On January 28, 2015, Banks filed a motion to reopen the case. *Doc. 5.* On January 29, 2015, Judge Miller granted that motion. *Doc. 6.*

In his habeas Petition, Banks argues that: (1) his lawyer was ineffective in failing to advise him of the possibility that Judge Piazza might impose a sentence in Case No. 11-4092 that ran *consecutive* to his sentence in Case No. 11-4458, in violation of his alleged understanding that both those sentences would run concurrent; and (2) his guilty plea in Case No. 11-4092 was unknowing and involuntary because he was not aware that his sentence could be run consecutive to the sentence in Case No. 11-4458. *Doc. 1.*

Respondent argues that Banks's habeas claims are: (1) barred by the statute of limitations; (2) procedurally defaulted; and (3) fail on the merits. *Doc. 15.*

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.[3]

---

[3] In countering Respondent's statute of limitations and procedural default arguments, Banks contends that the state impeded the timely exhaustion of his habeas claims when the Pulaski County Circuit Clerk allegedly failed to mail him a copy of the October 24, 2012 Order denying his first postconviction motion. Because it is more efficient to simply proceed to the merits of Banks's habeas claims, the Court is not required to resolve Respondent's statute of limitations and procedural default arguments. *See Kemp v. Hobbs*, 2012 WL 250229 (E.D. Ark. June 28, 2012) (*citing* 28 U.S.C. § 2254(b)(2) and *McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir.1990) (*per curiam*) ( "Where it is more efficient to do so . . . this Court may resolve [habeas] claims on the merits rather than navigating through a procedural-default thicket.").

## II. Discussion

A habeas challenge to a conviction that results from a guilty plea is limited to the "voluntariness" of the guilty plea and whether the defendant understood the charges and the consequences of the guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A defendant who enters a valid and voluntary guilty plea is barred from raising pre-plea constitutional violations in a habeas corpus action. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). This means that pre-plea constitutional claims, including pre-plea ineffective assistance of counsel claims, are waived by a valid and voluntary plea in state court. *See Tollett*, 411 U.S. at 266-267; *see also Whitepipe v. Weber*, 536 F. Supp.2d 1070, 1082-1083 (D. S.D. 2007) (*citing Thundershield v. Solem*, 565 F.2d 1018, 1026-27 (8th Cir. 1977)). A habeas petitioner "may only present [ineffective assistance of counsel] claims relating to the plea advice" and those claims must relate to the voluntariness of the plea. *See Whitepipe*, 536 F. Supp.2d at 1082; *see also Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) ("after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea").

The transcript of the plea colloquy establishes that Judge Piazza informed Banks of the sentencing range he faced on the pending charges in Case No. 11-4092. Banks acknowledged that he understood the rights he was waiving on a

written plea statement, including the right to a jury trial.[4] *Doc. 15-22 at 4-5*. Banks also affirmed, on the record, that he was not threatened in any way to plead guilty, and was pleased with the services of his lawyer. *Doc. 15-22 at 5*. As to whether the sentence imposed in Case No. 11-4092 would run consecutive to the earlier sentence imposed in Case No. 11-4458, the plea colloquy reveals that this element *was negotiated and agreed to by Banks*:

| | |
|---|---|
| COURT: | And, this was a negotiated plea? |
| PROSECUTOR: | Yes, your honor. |
| COURT: | And, what's the negotiation? |
| PROSECUTOR: | *State would recommend forty years in the [ADC] consecutive to his previous sentence.* |
| COURT: | And, what was, do you know the case number? |
| PROSECUTOR: | 2011 — |
| DEF. COUNSEL: | 4458. |
| PROSECUTOR: | 4458. |

\* \* \*

| | |
|---|---|
| COURT: | And, forty years, is that on each count? |
| PROSECUTOR: | Yes. |
| COURT: | Concurrent [as to each count in Case No. 11-4092], and then consecutive [as to the sentence in Case No. 11-4458]? |
| PROSECUTOR: | Yes, your honor. |

\* \* \*

---

[4] Defense counsel also stated that, "as part of this negotiation, the defense is going to be withdrawing his appeal in his earlier conviction that was in front of this Court about a month and half ago. Is that correct, Nickarlos? [BANKS:] Yes, sir." *Doc. 15-22 at 3.*

| COURT: | Okay. Mr. Banks, is that what you bargained for? Was that the bargain you made with the State? |
| BANKS: | Yes, sir. |
| COURT: | *Be the judgment and sentence of this Court that pursuant to the negotiated plea that you receive forty years in the [ADC] on each of these counts, they will be concurrent with each other, but consecutive to 11-4458. Show that the appeal is going to be withdrawn[.]* |

*Doc. 15-22 at 8-10* (emphasis added).

Thus, Banks's contention that he was "unaware" that Judge Piazza could impose consecutive sentences, or that it was contrary to his understanding of his plea agreement, is directly refuted by his answers during the plea colloquy in Case No. 11-4092. A defendant's "representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir.1997) (*quoting Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Accordingly, Banks's habeas claims have no merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 6th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE